PER CURIAM.
Freddie Siplen [“Siplen”] challenges the trial court’s denial of his motion for postconviction relief. On appeal, Si-plen contends that his counsel provided ineffective assistance of counsel during the plea negotiations. He also complains that he was adjudicated guilty in his three separate cases to an “on-site violation of probation felony” for which he was never charged. We find no merit to the claim of ineffective assistance of counsel during plea negotiations. He is entitled to correction of the judgment to remove the “on-site violation of probation felony.”
Siplen was originally convicted and sentenced on three driving while license suspended or revoked offenses (habitual offender). In one of the cases, he was also charged with an additional offense of possession of cocaine. A violation of probation affidavit was filed for each of the cases alleging that Siplen violated his probation by committing an attempted robbery and by associating with a person engaged in criminal activity.
A violation of probation hearing was conducted after Siplen turned down a plea offer of twenty-four months. Siplen was found to have violated his probation in all three cases. The judgments contained the original charge of driving while license suspended as well as an additional count numbered either 3 or 4, entitled “On Site Violation of Probation Felony,” and identified as a third degree felony under section 948.06(1), Florida Statutes. Consecutive five-year sentences were imposed in the three violation of probation cases. No sentence was imposed for the “onsite violation of probation felony.” On appeal, Si-plen correctly complains that there is no such offense under Florida law. Section 948.06(1) deals with the power of law enforcement to arrest a probationer without *807 a warrant if there are reasonable grounds to believe that a probationer has violated probation. Why this appears in the judgment is a mystery. We remand for entry of a corrected judgment.
AFFIRMED; REMANDED for correction of judgment.
GRIFFIN, MONACO and COHEN, JJ„ concur.